MICHAEL J. O'BRIEN *v.* KATHLEEN E. O'BRIEN
(AC 32483)

Lavine, Sheldon and West, Js.

---

Argued January 5—officially released October 16, 2012

*George J. Markley,* for the appellant (defendant).

*Steven D. Ecker,* with whom was *M. Caitlin S. Anderson,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Kathleen E. O'Brien, claims that, in denying her motion to terminate the appellate stay with regard to membership in a certain country club,[1] the trial court improperly modified the

---

[1] In its judgment of dissolution, the court ordered that "the [plaintiff] shall transfer to the [defendant] the membership in the Stanwich Country Club and she shall be responsible for any and all dues, fees, and expenses from the effective date of the membership."

On April 9, 2010, the defendant filed a motion to terminate the stay as to the country club membership and certain financial matters not at issue in this appeal. As to the country club membership, the court stated in its memorandum of decision on the motion that it "cannot resolve the issue of the parties' membership at the [country club] . . . based on the present state of the record." The defendant filed an appeal from the ruling on the motion to terminate the stay as to the country club membership and thereafter a motion for review. This court granted the defendant's motion for review but denied the relief requested in an order stating that "the motion

judgment of dissolution. In *O'Brien* v. *O'Brien*, 138 Conn. App. 544, 53 A.3d 1039 (2012), an appeal brought by the plaintiff, Michael J. O'Brien, the majority reversed the judgment pertaining to the financial orders and remanded the matter for a new trial.[2] The defendant's appeal is therefore moot. We dismiss the appeal for lack of subject matter jurisdiction.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . ." (Internal quotation marks omitted.) *Collins* v. *Collins*, 117 Conn. App. 380, 386, 979 A.2d 543 (2009). "[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Id., 387. The judgment of dissolution has been reversed and the case remanded for a new trial; there is no practical relief that we can grant the parties.

The appeal is dismissed.

---

is treated as a motion for review of the trial court's effective denial of the defendant's request to terminate stay concerning the transfer of the Stanwich Country Club membership and the motion is granted but the relief requested is denied." The court's failure to rule on the motion to terminate the stay was the functional equivalent of a denial of the motion. See *Ahneman* v. *Ahneman*, 243 Conn. 471, 480, 706 A.2d 960 (1998).

[2] Judge Lavine dissented from the majority opinion. See *O'Brien* v. *O'Brien*, supra, 138 Conn. App. 544, 557 (*Lavine, J.*, dissenting).